IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PEOPLE'S UNITED EQUIPMENT          §
FINANCE CORP.,                      §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §   CIVIL ACTION H-11-374
                                    §
SEMINOLE-CIVIL, INC., LEE BOWEN,§
JR., AND MARK W. BOWEN,             §
                                    §
            Defendants.             §

**OPINION AND ORDER**

Pending before the Court in the above referenced action, arising out of a default on a promissory note provided to Seminole-Civil, Inc. and guaranteed by Defendants Lee Bowen, Jr. and Mark W. Bowen, is Plaintiff People's United Equipment Finance Corp.'s motion to strike answer of Seminole-Civil, Inc, and for default judgment (instrument #13).

The Court agrees with Plaintiff that in federal court a corporation cannot proceed *pro se*, but must be represented by counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 and n.4 (5th Cir. 2004), *citing Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by counsel"). *See also, e.g.,* Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007), *citing Eagle Assoc. v. Bank of Montreal* 926 F.2d

1305, 1308 (2d Cir. 1991).

Nevertheless a court should not dismiss claims with prejudice or strike pleadings simply because the corporation is not represented by an attorney. *Memon*, 385 F.3d at 873-74. If the court considers dismissing a case or striking a defendant's pleadings because of a lack of representation by counsel, the court should warn the party that it must retain counsel before turning to such a harsh sanction. *Id.* (and cases cited therein).

Accordingly, the Court grants Seminole-Civil Inc. thirty days to obtain counsel and for that attorney to make an appearance. If it fails to do so, the Court will grant Plaintiff's motion.

**SIGNED** at Houston, Texas, this 24th day of June, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE