```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

PEOPLE'S UNITED EQUIPMENT     §
FINANCE CORP.,                §
                              §
          Plaintiff,          §
                              §
VS.                           §   CIVIL ACTION H-11-0374
                              §
SEMINOLE-CIVIL, INC., LEE BOWEN,§
JR., and MARK W. BOWEN,       §
                              §
          Defendants.         §
```

## OPINION AND ORDER OF SUMMARY JUDGMENT

Pending before the Court in the above referenced cause to collect debt owed under a promissory note and guaranties is a motion for summary judgment (instrument #26) filed by Plaintiff People's United Equipment Finance Corp. f/k/a Financial Federal Credit Inc. against Defendants Seminole-Civil. Inc. ("Seminole") and its guarantors Lee Bowen, Jr. and Mark W. Bowen.  Defendants have failed to respond to the motion, which was filed on October 27, 2011.

### Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(c). The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 317, 323 (1986). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317, 325 (1986).

Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant succeeds, the non-movant must come forward with evidence such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993). Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of

an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). "'[A] subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief.'" *Lawrence v. Univ. of Texas Medical Branch*, 163 F.3d 309, 313 (5th Cir. 1999), *quoting Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983). Nor are pleadings competent summary judgment evidence. *Little,* 37 F.3d at 1075; *Wallace v. Texas Tech. U.*, 80 F.3d 1042, 1045 (5th Cir. 1996).

A motion for summary judgment cannot be granted merely because no opposition has been filed, even though a failure to respond violates a local rule. *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), *citing John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). "The movant has the burden of establishing the absence of a genuine issue of

material fact and, unless he has done so, the court may not grant the motion regardless of whether any response was filed. *Id., citing id.* at 708. A decision to grant summary judgment based only on default is reversible error. *Id.* Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985).

**Plaintiff's Motion for Summary Judgment (#17)**

Plaintiff's motion, supported by an affidavit from Bill King, Vice President of Plaintiff and Branch Manger of the Construction Division of Plaintiff's Charlotte, North Carolina Office, and copies of relevant documents, explains that secured lender Plaintiff provided financing to Seminole-Civil, Inc. ("Seminole") for the acquisition and/or purchase of equipment and/or working capital. In return Seminole executed and delivered to Plaintiff around December 30, 2008 a promissory note (the "Note") in the amount of $932,436.00.[1] The Note was to be paid in monthly

---

[1] Pursuant to Tex. Bus. & Com. Code § 9.615(d)(2) (Vernon Supp. 2002), by executing and delivering the Security Agreement to Plaintiff, Seminole agreed to its terms and conditions and remained

installments, beginning on February 1, 2009 and continuing on the same day of each subsequent month until paid in full.  The Note was secured by a Security Agreement, executed at the same time as the Note, in which Seminole granted Plaintiff a security interest in certain equipment (the "Equipment"), described on Schedule A attached to the Security Agreement, including all attachments and accessories and a blanket security interest in all Seminole's assets (the "Blanket Collateral").  Plaintiff perfected its interest in the Equipment and the Blanket Collateral by properly filing UCC financing statements and recording its lien on the titles to the items of Equipment that were required to be titled. The Note and the Security Agreement allow acceleration of all indebtedness due under terms of the Note if Seminole defaulted on any of its obligations.  Plaintiff is the owner and holder of the Note, the Security Agreement, and the Guaranties.

On or about June 5, 2006, Defendants Lee Bowen, Jr. and Mark W. Bowen each executed and delivered to Plaintiff a continuing, direct and unconditional Guaranty of all the obligations of Seminole.  The Guaranties could be enforced against the guarantors without prior resort to any other right, remedy or security.  The Guaranties were part of the consideration for Plaintiff's acceptance and funding of the Note, and Plaintiff relied on them in

---

liable for any amounts due.  *In accord* Ga. Code Ann. § 11-9-615(d)(2)(2011).

doing so.  After Seminole failed to make payment under the Note, Lee Bowen, Jr. And Mark Bowen also defaulted.  Plaintiff took possession of the Equipment and after giving notice to each Defendant[2] and allowing the Equipment to be inspected for several days beforehand, held a public sale[3] on Friday, October 22, 2010 at 10:00 a.m. at All Points Storage, 6347 Campbell Road, York, South Carolina 29745, a suburb of Charlotte, North Carolina.  Plaintiff maintains that the sale was commercially reasonable, including in method, manner, time, place and terms.  The sale netted $429,500, which King's affidavit attests was the reasonable market value of the Equipment as of the date of the public sale, while expenses for the sale totaled $13,617.23, which King attests were reasonable and necessary.[4]  King's affidavit states his credentials for such determinations of commercially reasonable public sales, reasonable

---

[2] For details regarding the notice to each of Defendants and the public see #26, pp. 5-67 and King Affidavit ¶¶ 14-19.

[3] Before disposing of collateral securing a debt, the Uniform Commercial Code requires a creditor to "give reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made." Tex. Bus. & Com. Code sec. 9.611(b)(Vernon 2002).  "The purpose of this notification is to give the debtor an opportunity to discharge the debt, arrange for a friendly purchaser, or to oversee that it is conducted in a commercially reasonable manner." *FDIC v. Lanier*, 926 F.2d 462, 464 (5th Cir. 1991), *citing* 2 J. White & R. Summers, Uniform Commercial Code sec. 27-12 at 598-99 (3d ed. 1998); S.C. Code Ann. Sec. 36-9-611 (2009); Ga. Code Ann. Sec. 11-9-611 (2011).

[4] For delineation of the individual expenses see #26, p. 7 and King Affidavit ¶ 21

market value, and reasonable and necessary expenses: that he has been in the equipment finance business for thirty-one years, has personally conducted numerous public sales, has arranged or supervised others in arranging many more, and has attended numerous sales of commercial equipment. King affidavit ¶ 21. King pointed out that the Equipment was poorly maintained. He states that he consulted various pricing resources, including websites commonly consulted by buyers and sellers of equipment like that sold in this auction, by banks and finance companies, and by equipment appraisers. After crediting the net proceeds of the public sale and all other sums, King testified that the amount unpaid and still due under the Note and the Security Agreement is $170,463.14 along with interest[5] and attorney's fees, for which Defendants are jointly and severally liable under the terms of the Note, Security Agreement and the two Guaranties.

## Court's Decision

Plaintiff has shown that Seminole defaulted on its Note and that Defendants, as Guarantors, failed to make payments as promised under the Notes and Guaranties.

---

[5] The Note states that interest will accrue after maturity whether by acceleration or otherwise (which occurred on October 22, 2011) at the maximum lawful rate, not to exceed 0.0666% per day, until paid in full. The maximum lawful rate under Texas law is 18% per annum. Thus as of October 17, 2011, the total accrued interest was $30,263.05, with interest accruing each day thereafter at the rate of $84.06 per day until entry of judgment. King Affidavit ¶¶ 28-29.

The Court finds that the Guaranties of payment at issue here are clear and unambiguous. A guaranty of payment is an obligation to pay when the debt is due if the debtor does not pay it: a guarantor of payment is primarily liable and waives any requirement that the holder of the note take action against the maker as a condition precedent to his liability on the guaranty. *Ford v. Darwin*, 767 S.W. 2d 851, 854 (Tex. App.--Dallas 1989), *citing Hopkins v. First Nat'l Bank at Brownsville*, 551 S.W. 2d 343, 345 (Tex. 1977). A guaranty of payment therefore requires no condition precedent to its enforcement other than a default by the principal debtor. *United States v. Vahlco Corp.*, 800 F.2d 462, 466 (5th Cir. 1986); *Cox v. Lerman*, 949 S.W. 2d 527 (Tex. App.--Houston [14th Dist.] 1997). Indeed a guaranty of payment action, the lender may sue the guarantor without joining the principal debtor. *Darwin*, 767 S.W. 2d at 854, *citing Ferguson v. McCarrell*, 582 S.W. 2d 539, 541-42 (Tex. Civ. App.--Austin 1979), *writ ref'd n.r.e.*, 588 S.W. 2d 895 (Tex. 1984). The Guaranties here placed no conditions upon their enforceability other than default of payment by Seminole; therefore the Guaranties are absolute and unconditional Guaranties of payment of all obligations of the Subject named in them. *Reece v. First State Bank of Denton*, 566 S.W. 2d 296, 297-98 (Tex. 1978); *Bishop v. National Loan Investors, LP*, 915 S.W. 2d 241, 245 (Tex. App.--Fort Worth 1995, writ denied); *Ford Motor Credit Co. V. Sullivan*, 318 S.E. 2d 188, 190-91 (Ga. 1984).

The debtor on a secured note bears the burden of proving that a foreclosure sale was unreasonable. *Texas Refrigeration Supply, Inc. V. FDIC*, 953 F.2d 975, 982 (5th Cir. 1992)(and cases cited therein). Plaintiff, as the secured lender here, has presented evidence that the Public Sale of the Equipment was commercially reasonable. Defendants have failed to respond and have failed to satisfy their burden of demonstrating that the Public Sale was not reasonable.

Plaintiffs have submitted documentary evidence showing that Plaintiff is entitled to judgment against Defendants in the amount of $170,463.14, plus pre-judgment interest and post-judgment interest until the judgment is paid, both at the rate of 18% per annum, and attorneys' fees, as provided in the Notes, the Security Agreements, and each Guaranty. Defendants have failed to respond and to raise a genuine issue of fact for trial. Thus the Court concludes that as a matter of law summary judgment in favor of Plaintiff People's United Equipment Finance Corp. against Defendants Seminole, Lee Bowen, Jr., and Mark W. Bowen is proper. The Court

ORDERS that Plaintiff's motion for summary judgment (#26) is GRANTED. A final judgment shall issue by separate order.

**SIGNED** at Houston, Texas, this  1st  day of  May , 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE